UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANE R. ENGBERG,

                Petitioner,

    v.

JASON BENNETT,

                Respondent.

CASE NO. 2:24-cv-00888-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: August 28, 2024

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Shane R. Engberg, proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed federal habeas petition (Dkt. 1-1), and other proposed motions and requests (Dkts. 1-5, 1-8). Following an initial screen of the proposed petition, Petitioner was ordered to show cause why this action should not be dismissed either as time-barred or for failure to exhaust. Dkt. 4. The August 9, 2024 show cause deadline has now passed with no response by Petitioner. As such, the undersigned recommends this action be dismissed without prejudice for failure to exhaust.

REPORT AND RECOMMENDATION - 1

## I. DISCUSSION

Petitioner is currently incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of confinement arising out of a jury conviction entered by the Superior Court of Washington for Mason County for rape in the second degree, assault in the second degree, unlawful imprisonment, felony harassment, and witness tampering. See Dkt. 1-1; *State of Washington v. Shane Richard Engberg*, Superior Court of Washington for King County Case No. 17-1-07141-9 (filed December 26, 2017), *docket available at https://dja-prdecexap1.kingcounty.gov/?q=case* (last accessed July 8, 2024). Approximately three and a half years after his judgment of conviction became final in that case, Petition filed the instant action seeking federal habeas relief. Dkts, 1-1, 4.

On July 10, 2024, the Court performed an initial review of the proposed petition. Dkt. 4. As part of that review, the Court noted that, although styled as one filed under 28 U.S.C. § 2241, the proposed petition must be construed as one filed under 28 U.S.C. § 2254, which is the sole mechanism for obtaining federal habeas relief by those confined on state court convictions. *Id.* at 3. Next, the Court noted the proposed petition was likely time barred as it was filed more than two years after the expiration of one-year statute of limitations applicable to § 2254 petitions. *Id.* at 4–5. Finally, the Court noted that the proposed petition indicated Petitioner did not exhaust available state court remedies before seeking federal habeas relief. *Id.* at 5 (citing Dkt. 1-1 at 5 (answering "no" to "have you ever filed any other petition, application or motion about the issues raised in this petition?")). Thus, the Court ordered Petitioner to show cause on or before August 9, 2024, why his proposed petition should not be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1) or without prejudice for failure to exhaust state court remedies in accord with 28 U.S.C. § 2254(b)–(c). *Id.* at 5.

The August 9, 2024 deadline to show cause has now passed, and Petitioner has not filed a response to the order to show cause.[1] Petitioner has not demonstrated exhaustion nor has he shown he is entitled to equitable tolling such that the untimely filing of his proposed petition would be excused. Though failure to show cause on either ground warrants dismissal, the undersigned finds that dismissal without prejudice for failure to exhaust is the more appropriate reason for dismissal.

## II. CONCLUSION

Accordingly, the undersigned recommends this action be dismissed without prejudice for failure to exhaust. It is further recommended his IFP motion (Dkt. 1) and all other pending motions and requests be denied as moot and that a certificate of appealability be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 28, 2024, as noted in the caption.

Dated this 13th day of August, 2024.

David W. Christel
United States Magistrate Judge

---

[1] Petitioner did file a Motion Requesting Discovery (Dkt. 5) in which he appends a Motion and Request for Production of the Record (Dkts. 5-1, 5-2) and a Request for the District Record (Dkt. 5-2). These motions do not reference and are not responsive to the Court's show cause order. *See* Dkts. 5, 5-1, 5-2, 5-3.

REPORT AND RECOMMENDATION - 3